Citation Nr: 1554526 
Decision Date: 12/31/15 Archive Date: 01/07/16

DOCKET NO. 11-17 798 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Lincoln, Nebraska


THE ISSUE

Entitlement to an initial disability rating in excess of 10 percent for gastroesophageal reflux disease (GERD) with duodenal ulcer and irritable bowel syndrome.


REPRESENTATION

Veteran represented by: Nebraska Department of Veterans' Affairs


WITNESSES AT HEARING ON APPEAL

The Veteran and his wife


ATTORNEY FOR THE BOARD

S. Delhauer, Associate Counsel
INTRODUCTION

The Veteran served on active duty from August 1979 to November 2009. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2011 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Lincoln, Nebraska.

The Veteran and his wife testified at a videoconference hearing before the undersigned Veterans Law Judge in January 2013. A transcript of the hearing is contained on the Virtual VA paperless claims processing system (Virtual VA).

In a March 2015 rating decision, the Appeals Management Center granted service connection for duodenal ulcer and irritable bowel syndrome, and evaluated those disabilities with the Veteran's service-connected gastroesophageal reflux disease (GERD). As a single evaluation has been assigned for all three service-connected disabilities, the initial disability rating for all three service-connected disabilities is currently before the Board.

This matter was remanded by the Board in June 2014 and July 2015.

This is a paperless file located on the Veterans Benefits Management System (VBMS). Other documents contained on Virtual VA are duplicative of the evidence of record, or are not relevant to the issue currently before the Board.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Board regrets the additional delay, but for reasons explained immediately below, the Board again finds that that further development is necessary, and the Veteran's claim must again be remanded. Further, a remand is necessary to ensure compliance with the Board's prior remand instructions. See Stegall v. West, 11 Vet. App. 268 (1998).

In accordance with the Board's July 2015 remand instructions, the Veteran's outstanding VA treatment records were associated with the evidentiary record. In a December 2012 addendum to a primary care clinic note, the Veteran's treating provider stated the Veteran would have an EGD (esophagogastroduodenoscopy) completed by a private physician, Dr. L. A January 2013 VA gastroenterology outpatient note states a correspondence letter to the Veteran's primary care physician from Surgery Group of Grant Island was scanned; the Board does not have access to that scanned letter. On remand, the AOJ should make appropriate efforts to obtain any outstanding relevant private treatment records.

Further, in accordance with the Board's July 2015 remand instructions, the Veteran was afforded a new VA examination in October 2015. The VA examiner stated he instructed the Veteran to follow up with his primary care physician within the next one-to-two weeks to determine the cause of the Veteran's "epigastric pain," as it could be related to a numerous causes, to include a possibly active ulcer. Accordingly, on remand the AOJ should obtain any updated VA treatment records.

In the July 2015 remand, the Board instructed the VA examiner to address the frequency and severity of all of the Veteran's reported GERD symptoms, to include pyrosis, reflux, regurgitation, sleep disturbance, nausea, vomiting, belching, trouble swallowing, and pain. The examiner was asked to address the January 2013 testimony of the Veteran and his wife regarding the Veteran's symptoms, as well as the January 2012 letter from Dr. B.K.B., and the June 2011 letter from Dr. S.M. In the October 2015 VA examination report, the VA examiner stated the Veteran's signs and symptoms of GERD are pyrosis, reflux, and regurgitation, and a sleep disturbance caused by reflux. The examiner reported the sleep disturbance occurs once per year for less than one day, but did not address the frequency or severity of the Veteran's other symptoms. Further, although nausea and vomiting were noted upon VA examination in January 2015, the October 2015 VA examiner did not discuss these symptoms. 

With regard to the symptoms reported by the Veteran's wife as well as the June 2011 and January 2012 letters, the October 2012 VA examiner reported these letters and statements were subjective, and were not backed up by "objective" evidence, and stated that although the letters were supportive, the "actual cause" for the epigastric symptoms was not yet definitively diagnosed. However, the Board finds it is unclear if the October 2015 VA examiner was rejecting the reports of the Veteran's symptoms in the hearing testimony and letters. Although such reports may be considered "subjective," the Veteran is competent to report his symptoms, and the Veteran's wife is competent to report the symptoms of which she has personal knowledge through observation. If the examiner does reject the reports of the Veteran's wife and the Veteran regarding his symptoms, including as related to and by medical professionals in the cited letters, the examiner must provide a clear explanation for such rejection. 

Further, in the July 2015 remand, the Board instructed the VA examiner to address the frequency and severity of all of the Veteran's irritable bowel syndrome symptoms, to include the frequency of any abdominal distress. Although the October 2015 VA examiner reported the Veteran suffers diarrhea two-to-three times per day, the examiner then checked "No" in response to the question, "Does the Veteran have episodes of bowel disturbance with abdominal distress, or exacerbations or attacks of the intestinal condition?" As the rating criteria specifically consider abdominal distress along with episodes of bowel disturbance, the Board finds clarification is necessary to determine if the Veterans suffers with abdominal distress. See 38 C.F.R. § 4.114, Diagnostic Code 7319 (2015).

On remand, the AOJ should obtain an addendum opinion from the October 2015 VA examiner. The examiner should clarify the frequency and severity of all of the Veteran's symptoms associated with his GERD, irritable bowel syndrome, and/or duodenal ulcer.


 (CONTINUED ON NEXT PAGE)

Accordingly, the case is REMANDED for the following action:

1. The AOJ should undertake appropriate development to obtain the January 2013 correspondence letter to the Veteran's VA primary care physician from Surgery Group of Grant Island which was scanned into his VA treatment records, and any other relevant private treatment records from Dr. L. and/or the Surgery Group of Grant Island regarding an EGD performed after December 2012. The Veteran's assistance should be requested as needed. All obtained records should be associated with the evidentiary record.

The AOJ must perform all necessary follow-up indicated. If the Veteran's records are not available, the AOJ should make a formal finding of unavailability, advise the Veteran and his representative of the status of his records, and give the Veteran the opportunity to obtain the records on his own.

2. The AOJ should obtain all of the Veteran's outstanding VA treatment records from October 2015 to present. All obtained records should be associated with the evidentiary record.

3. After the above development has been completed, and after any records obtained have been associated with the evidentiary record, obtain an addendum opinion from the October 2015 VA examiner. If the examiner is no longer available, obtain an opinion from another appropriate examiner to determine the current severity of the Veteran's service-connected GERD, duodenal ulcer, and irritable bowel syndrome. The evidentiary record, including a copy of this remand, must be made available to and reviewed by the examiner. The addendum opinion must include a notation that this record review took place. It is up to the discretion of the examiner as to whether a new examination is necessary to provide an adequate opinion.

After the record review, and examination of the Veteran if deemed necessary by the examiner, the VA examiner is asked to respond to the following inquiries: 

a) The examiner should address the frequency and severity of all of the Veteran's symptoms of his GERD, irritable bowel syndrome, and/or duodenal ulcer.

b) The examiner should specifically address the symptoms the Veteran associates with his GERD, to include the frequency and severity of the pyrosis, reflux, and regurgitation noted upon examination in October 2015, and of the nausea and vomiting noted upon examination in January 2015.

The examiner should also address the Veteran's other reported symptoms, to include belching, trouble swallowing, and pain. See January 2013 videoconference hearing testimony; January 2012 Dr. B.K.B. letter; June 2011 Dr. S.M. letter.

c) The examiner should clarify the frequency of any abdominal distress suffered by the Veteran with his disturbances of bowel function due to his irritable bowel syndrome. 

The complete rationale for all opinions should be set forth. A discussion of the facts and the medical principles involved will be of considerable assistance to the Board.

The examiner is advised that the Veteran is competent to report his symptoms and history, and the Veteran's wife is competent to report the symptoms of which she has personal knowledge through observation. Such reports, including those of continuity of symptomatology, must be acknowledged and considered. If the examiner rejects the Veteran's reports, the examiner must provide an explanation for such rejection.

If the examiner cannot provide an opinion, the examiner must confirm that all procurable and assembled data and information was fully considered, and provide a detailed explanation for why an opinion cannot be rendered.

4. After the above development has been completed, readjudicate the claim. If the benefit sought remains denied, provide the Veteran and his representative with a supplemental statement of the case, and return the case to the Board.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL LANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).